IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SAMUEL G. DORSEY,                           )
                                            )
    v.                                      )        NO. 3:11-0126
                                            )
METROPOLITAN GOVERNMENT OF                  )
NASHVILLE & DAVIDSON COUNTY and             )
CORRECT CARE SOLUTIONS                      )


TO: Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

This prisoner civil rights action was filed pro se on December 29, 2010, by a pre-trial detainee confined at the Davidson County Criminal Justice Center. He alleges claims under 42 U.S.C. § 1983 based on allegations that he has been denied adequate medical care. Because the complaint was submitted without a filing fee or an application to proceed in forma pauperis ("IFP application"), the Court directed the plaintiff to pay the filing fee or submit a completed IFP application. See Order entered January 20, 2011 (Docket Entry No. 2). He submitted an IFP application which was granted by Order entered February 15,

2011 (Docket Entry No. 7), and the complaint was filed.[1] The action was then referred to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure. See Order entered March 2, 2011 (Docket Entry No. 11).

The complaint filed in the instant case is an exact photocopy of, and is identical in all respects to, a complaint filed by the plaintiff in a prior action in the Middle District of Tennessee, Dorsey v. Metropolitan Government of Nashville and Davidson County, et al., No. 3:10-1197. The prior action was filed on December 16, 2010[2], process was ordered to issue to the defendants by Order entered December 27, 2010, summons were subsequently issued to the two named defendants, and one of the defendants has answered the complaint. See Docket Entry Nos. in Case No. 3:10-1197.

---

[1] In the Order entered February 15, 2011, the Honorable William J. Haynes, Jr., transferred the instant action to the Honorable Aleta A. Trauger as a related case to civil action No. 3:10-0887, Dorsey v. Davidson County Sheriff's Office. While the plaintiff in both the instant case and case No. 3:10-0887 names the same defendants and while both cases involve allegations of inadequate medical care by prison officials, the two cases involve different factual allegations of wrongdoing.

[2] The complaint in case No. 3-10-1197 was stamped received in the Clerk's office on December 16, 2010, whereas the complaint in the instant case was stamped received in the clerk's office on December 29, 2010.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.

A plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977). Because the instant action is completely duplicative of the prior pending action filed by the plaintiff, it is subject to dismissal as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(ii). See McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir.1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the in forma pauperis statute as frivolous or malicious); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir.1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims"); Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir.1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that it was appropriate to dismiss an in forma pauperis civil rights suit by prison inmate when suit was duplicative of facts and

3

allegations made in previously dismissed suit); Houston v. Caruso, 2009 WL 579411 (W.D. Mich. Mar. 5, 2009) (dismissing duplicative prisoner civil rights action as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A); Hahn v. Tarnow, 2006 WL 2160934 (E.D. Mich. July 31, 2006) (dismissing duplicative prisoner civil rights action as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A) .

## RECOMMENDATION

For the reasons set out above, the Court RECOMMENDS this action be DISMISSED as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2). Such dismissal should count as a strike for the purposes of 28 U.S.C. § 1915(g), but should not be viewed as in any way prejudicing the plaintiff's pending action No. 3:10-1197.

Because the plaintiff's action warrants dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order

regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge